*728 OPINION.
VAN FossaN:
There are three transactions involved in this case. In the first a nonexclusive license to manufacture and sell machines under Patents Nos. 814,025 and 814,026 was granted petitioner in 1910 in consideration of the issuance of capital stock of a par value *729 of $15,000. In 1916 the full title to the patents was sold and assigned to petitioner for a nominal consideration. The assets owned by petitioner in 1921 which petitioner seeks to include in invested capital and to depreciate, are the patents themselves. These assets were acquired for a nominal cash consideration. This being the fact and the actual value of the stock issued for the license not being proven, there is no allowance which may be made therefor in invested capital. Similarly, since these assets were acquired after March 1, 1913, and for a nominal consideration, there is no cost upon which depreciation can be based.
In the second transaction the situation is similar. An exclusive license to manufacture and sell, under application for Patent No. 1,018,885, was granted petitioner in 1911 in exchange for capital stock of a par value of $70,000. In 1916 the title to this patent was sold to petitioner at the same time the previous patents were conveyed. Following the above reasoning, we are unable to find any basis either for computation of an amount to be included in invested capital or for depreciation.
In the third transaction two patents, Nos. 1,147,468 and 1,147,614, were issued to Dearborn on July 20, 1915. In 1919 these patents were transferred to the American Felling Machine Co., a corporation organized and owned by Dearborn, for capital stock of a par ATalue of $199,800. In December, 1920, the stockholders of American Felling Machine Co. exchanged their stock for an equal amount of stock of petitioner corporation. Since the patents Avere acquired after March 3, 1917, the provisions of section 331 of the Kevenue Act of 1921 are applicable. In a situation where this section applies the taxpayer may not include an asset in invested capital at a greater A@alue than his predecessor in title could have employed. Since the American Felling Machine Co. acquired the patents from Dearborn, the OAvner of the company, the maximum amount available for its use in invested capital would be the cost of acquisition to Dearborn. We are unadvised of the amount of this cost to Dearborn and therefore can make no finding as to the amount at which American Felling Machine Co. could have included these patents in hrvested capital. It folloAvs that we are without information on which to base any allowance to petitioner for invested capital purposes.
Petitioner acquired these patents upon the issuance of its stock of the par value of $199,800 in exchange for stock of a similar amount in the American Felling Machine Co. We are without evidence, however, sufficient to establish -the actual value of the stock thus issued and we are unable to find a basis for the computation of depreciation of these patents.
Neviewed by the Board.

Judgment will be entered for the respondent.